UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

S. BANKSTON,

Plaintiff,

-against-

JOHN DOE,

Defendant.

26-CV-7889 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Serieon Bankston, who is currently incarcerated at Five Points Correctional Facility, brings this action *pro se*.[1] Plaintiff asserts claims arising from the loss of his TV when he temporarily was transferred from Five Points in March 2026. For the following reasons, this action is transferred to the United States District Court for the Western District of New York.

**BACKGROUND**

Plaintiff alleges the following facts. In early February 2026, while he was housed at Five Points Correctional Facility, he purchased a 13-inch Clear Tech TV and cable cord for $172.00 from commissary. On March 9, 2026, as Plaintiff was leaving Five Points, an unidentified officer told Plaintiff that he could not pack the TV and must sign for it to be mailed to his next facility. Plaintiff signed paperwork for the TV to be mailed via postal service to Clinton Correctional Facility. During Plaintiff's approximately 60-day stay at Clinton, he did not receive the TV.

On or about May 9, 2026, while he was at Clinton, Plaintiff filed a property claim, stating that his TV had not arrived after more than 60 days and requesting reimbursement of the $172.00. On July 15, 2026, the claim was denied at Clinton on the ground that there was no record that the claimant owned a TV. On July 30, 3036, Plaintiff appealed, asserting that he had

[1] Plaintiff has not submitted the filing fees or a request to proceed *in forma pauperis*.

purchased the TV from the commissary at Five Points in February 2026 and that records should exist in the commissary business office at Five Points.

Plaintiff attaches a copy of a claim form, dated August 17, 2026, which is stamped "Received Five Points CF' on August 25, 2026. (ECF 1 at 3.) Plaintiff attaches a blank form for filing a claim with the State of New York Court of Claims, and it is unclear if he filed such a claim.

**DISCUSSION**

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

Venue of Plaintiff's claims does not appear to be proper in this district under Section 1391(b)(1) based on the residence of Defendant because he apparently sues an unidentified officer at Five Points who handled his packing for transfer.

Venue of Plaintiff's claims also does not appear to be proper in this district under Section 1391(b)(2) based on the place where the events giving rise to the claims occurred because Plaintiff's claims arose at Five Points, which is in Seneca County. Seneca County is in the Western District of New York. *See* 28 U.S.C. § 112(d).

If a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because the events giving rise to Plaintiff's claims occurred at Five Points in Seneca County, venue is proper, under Section 1391(b)(2), in the Western District of New York. Accordingly, in the interest of justice, the Court transfers this action to the United States District Court for the Western District of New York, 28 U.S.C. § 1406(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. 28 U.S.C. § 1406. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 18, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge